UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STACY ROZAS, Plaintiff                 CIVIL CASE NO. 3:18 CV 1158 (KAD)

V.

AIG EMPLOYEE SERVICES, INC., Defendant

ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS (#13)

Plaintiff commenced this action against her former employer alleging discrimination in violation of Title VII (Count One), the Connecticut Fair Employment Practices Act (Counts Two and Three) and the Family Medical Leave Act (Count Four). The defendant seeks an order staying this action and compelling the parties to arbitration of the plaintiff's claims.

The court notes at the outset that the plaintiff did not respond to the defendant's motion, which, absent a basis in the pleadings to deny the defendant's motion, is reason enough to grant the relief requested. Local Rule 7(a)(2).

In order to determine whether arbitration should be compelled the court must determine: "whether the parties agreed to arbitrate; … the scope of that agreement; … [and] if federal statutory claims are asserted, … whether Congress intended those claims to be nonarbitrable." JLM Indus., Inc. v. Stolt–Nielsen SA, 387 F.3d 163, 169 (2d Cir.2004) (citation omitted). Based upon the defendant's submission, the court finds first, that the plaintiff, in accepting employment with the defendant, agreed to arbitration of any employment related disputes. Second, the plaintiff's claims brought in this action fall within the scope of that agreement as they each arise out of her employment with the defendant. Finally, the plaintiff has offered no argument or authority that Congress intended the plaintiff's claims to be nonarbitrable. Indeed, such claims are routinely subject to mandatory arbitration agreements. See, e.g. Kouromihelakis v. Hartford

Fire Insurance Co. 48 F. Supp. 3d 175 (D.Conn. 2014)(Claims brought pursuant to the Connecticut Fair Employment Practices Act and the Family Medical Leave Act within scope of employer/employee arbitration agreement.)

Accordingly, for the above reasons and those contained in the defendant's memorandum of law, the defendant's Motion to Compel Arbitration and Stay Proceedings is GRANTED. The parties shall proceed to arbitration on each count of the plaintiff's complaint. This case is hereby STAYED. The defendant's request for an award of attorney's fees and costs is DENIED. The parties shall file a joint status report on the progress of the arbitration by January 2, 2019.

It is so ordered.


____/s/_____
Kari A. Dooley (USDJ)